QUESTIONS: 1. Are the private vehicles of volunteer firemen authorized to display or use flashing red lights while en route to the fire station? 2. Are the drivers of such privately owned vehicles excepted from, or authorized to exercise the privileges conferred by, s. 316.051, F. S., relating to the obedience to and effect of traffic laws set forth in Ch. 316, F. S.?
SUMMARY: The use or display of flashing red lights on privately owned vehicles belonging to active firemen of regularly authorized volunteer fire departments is strictly limited to emergency use while en route to scenes of fires or other emergencies, and such red lights may not lawfully be used or displayed en route to the fire station. The drivers of such privately owned vehicles are not excepted from, or authorized to exercise the privileges conferred by, s. 316.072, F. S. (1976 Supp.), relating to the obedience to and effect of the traffic laws and are subject to all traffic regulations prescribed by the Uniform Traffic Control Law, except as provided in ss. 316.2397(3) and (6) and 316.2398(1), F. S. (1976 Supp.), with respect to the display and use of flashing red lights while en route to scenes of fires or other emergencies in the line of duty as active firemen members of regularly organized firefighting companies or associations. The private vehicles of volunteer firemen are not, and may not be, lawfully designated as authorized emergency vehicles. Both questions are answered in the negative. I note that the 1976 Legislature enacted revisions to Ch. 316, F. S., the Florida Uniform Traffic Control Law, including substantial renumbering of the sections of this statute. However, no substantive amendments to Ch. 316 affect the sections of that law or other Attorney General Opinions cited herein. The new renumbering system will be used herein. AS TO QUESTION 1: The provisions of Ch. 316, F. S., the Florida Uniform Traffic Control Law, generally are applicable to all vehicles operated on the public highways and streets and all vehicles owned or operated by cities, districts, or other political subdivisions of the state unless specifically excepted by Ch. 316. Section 316.072(1), (2), and (4), F. S. (1976 Supp.). Section 316.072(5)(a), F. S. (1976 Supp.), provides an exception from, and authorizes the driver of an authorized emergency vehicle to exercise the privileges set forth in, s. 316.072, F. S. (1976 Supp.), when responding to an emergency call or when responding to a fire alarm, subject to the conditions stated in s. 316.072(5)(b) and (c), F. S. (1976 Supp.). Section 316.003(1), F. S. (1976 Supp.), defines "authorized emergency vehicles" to mean "[v]ehicles of the fire department (fire patrol), police vehicles and such ambulances and emergency vehicles of municipal departments . . . as are designated or authorized by the department [of Transportation] or the chief of police . . . or any sheriff . . . ." Private vehicles of volunteer firemen are not included in this statutory definition and are not otherwise exempted from the Traffic Control Law. In 1957, the Department of Public Safety requested an opinion as to whether "privately owned vehicles belonging to the active fireman [sic] members of regularly authorized volunteer fire-fighting companies or associations, while en route to scenes of fires or other emergencies, become emergency vehicles as defined in s. 317.01(1), F. S., 1953." Attorney General Opinion 057-288. My predecessor in office found that, although Ch. 57-781, Laws of Florida, authorized the use of flashing red lights on privately owned vehicles belonging to volunteer firemen when responding to an emergency (while en route to the scene of a fire), . . . [n]owhere in the act are such vehicles defined or referred to as authorized emergency vehicles, nor does such act infer that such vehicles shall be exempt from the operation of the traffic laws as is contemplated by s. 317.04(4), F. S., for authorized emergency vehicles. The act is a mere grant of authority to use flashing red lights under certain circumstances. It does not exempt volunteer firemen from the operation of the law regulating traffic on public highways. [Attorney General Opinion 057-288.] It should be noted that the statutory provisions discussed in AGO 057-288 are substantially the same as the provisions of Ch. 316, F. S. (1976 Supp.), discussed herein, therefore effecting no change in the applicability or continuing validity of AGO 057-288. In AGO 072-366, I considered the question: "May members of the volunteer fire department install a siren on their private vehicles for use while going to a fire," and concluded that s. 316.003(1), F. S. (1976 Supp.), does not authorize the privately owned vehicles of members of a volunteer fire department to be designated "authorized emergency vehicles" and such privately owned vehicles are not authorized or required to be equipped with a siren, whistle, or bell under the provisions of s. 316.271(4), F. S. (1976 Supp.). Section 316.003(1), F. S. (1976 Supp.), does not define privately owned vehicles of volunteer firemen as authorized emergency vehicles, and thus such vehicles are not within the purview of s. 316.072(5), F. S. (1976 Supp.). Section 316.2397(3) and (6), F. S. (1976 Supp.), only authorizes the use of flashing red lights on such private vehicles and does not except them from the traffic regulations or laws in Ch. 316, F. S. Therefore, it is clear from the provisions of ss. 316.2397(3) and (6) and316.2398(1) and (3), F. S. (1976 Supp.), that authorization to use or display flashing red lights while en route to scenes of fires or other emergencies is strictly limited and that the use or display of flashing red lights at other times is specifically declared unlawful. Thus, privately owned vehicles of volunteer firemen en route to the fire station are not lawfully authorized to display or use flashing red lights. AS TO QUESTION 2: As noted in response to the first question, only "authorized emergency vehicles" as defined in s. 316.003(1), F. S. (1976 Supp.), are authorized to exercise the privileges set forth in s. 316.072, F. S. (1976 Supp.), subject to the conditions stated in s.316.072(5)(b) and (c), F. S. (1976 Supp.). The privately owned vehicles of volunteer firemen are not embraced within the definition of "authorized emergency vehicles" set forth in s.316.003(1) and therefore are not covered by or included within the provisions of s. 316.072(5). Thus, the drivers of privately owned vehicles of volunteer firemen are not excepted from, or authorized to exercise the privileges conferred by, s. 316.072 and are subject to all the traffic regulations prescribed by the State Uniform Traffic Control Law, except as provided in ss. 316.2397(3) and (6) and 316.2398(1), F. S. (1976 Supp.), with respect to the display and use of flashing red lights while en route to scenes of fires or other emergencies in the line of duty as active firemen members of regularly organized firefighting companies or associations. The private vehicles of volunteer firemen are not, and may not be, lawfully designated as "authorized emergency vehicles." Attorney General Opinions 057-288 and 072-366.